

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8433 | **DATE** | 12/2/2002 |
| **CASE TITLE** | Todd Steven Adams vs. Blue Island Animal etc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Because plaintiff has not pursued his state remedies his claim is not ripe. We deny plaintiff's application to proceed in forma pauperis and dismiss his complaint without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 0 3 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 5 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 DEC -2 PM 1:48 | date mailed notice | |
| | WAH courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TODD STEVEN ADAMS,            )
                              )
         Plaintiff,           )
                              )
    vs.                       )   No. 02 C 8433
                              )
BLUE ISLAND ANIMAL CONTROL    )
OFFICER, ANIMAL WELFARE LEAGUE,)
et al.,                       )
                              )
         Defendants.          )

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this complaint against defendants alleging violations of his civil rights pursuant to 42 U.S.C. § 1983, arising from an arrest for animal cruelty and subsequent seizure of his dog. Along with his complaint, plaintiff files an application to proceed *in forma pauperis*. For the following reasons, plaintiff's application is denied and his claim is dismissed without prejudice.

Under 18 U.S.C. § 1915(a) the court may authorize a plaintiff to proceed *in forma pauperis* if he is unable to pay the prescribed court fees. Plaintiff's attached affidavit states that he has not been employed since April 2002, has no significant money in any checking or savings accounts, and his only material possession is a van with a value of approximately $500. We find that plaintiff has established his inability to pay the required court costs.

However, our inquiry does not end here. Section 1915 requires us to conduct an initial review of plaintiff's claim and dismiss the action if we find that the action is frivolous or malicious, fails to state a claim or seeks damages from a defendant who is immune. 28 U.S.C.

§ 1915(e)(2)(B)(i)-(iii); Alston v. Debruyn, 13 F.3d 1036, 1039 (7th Cir. 1994). In determining whether plaintiff states a claim we apply the same standard as though this were a motion to dismiss under Fed.R.Civ.P. 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000).

Plaintiff alleges that defendant Greg Kirpach, an animal control officer, took his dog when plaintiff was arrested on charges of animal abuse. Defendant Kirpach then allegedly took the dog to defendant Animal Welfare League and the dog has not yet been returned. Charges against plaintiff for animal cruelty were subsequently dismissed. He has previously filed a suit against police officers and defendant Kirpach alleging Fourth Amendment violations arising from the taking of the dog and other property belonging to plaintiff. Adams v. Connors, 2002 WL 1827632 (N.D. Ill. 2002), in which defendants' motion for summary judgment was granted because of qualified immunity. Plaintiff now seeks damages pursuant to 42 U.S.C. § 1983, alleging violations of his Fifth Amendment property right and substantive due process rights arising from the taking of the dog and other of plaintiff's personal property.

In order to maintain a § 1983 action arising from a Fifth Amendment takings claim, the Seventh Circuit requires that plaintiffs first take their claim to state court and exhaust all possible state remedies. Daniels v. Area Plan Com'n of Allen County, 306 F.3d 445, 453 (7th Cir. 2002). This inquiry is the same regardless of whether plaintiff characterizes the suit as a Fifth Amendment violation or a substantive due process claim under the Fourteenth Amendment. Id. at 453, n.5. Moreover, the Supreme Court has determined that unauthorized deprivation of property, whether intentional or unintentional, does not constitute a violation of due process when a meaningful post-deprivation remedy is available. Hudson v. Palmer, 468 U.S. 517, 533 (1983). It does not appear as though there has been any final decision by

defendants or by any state court as to the fate of plaintiff's dog. Plaintiff does not allege that he has challenged the decisions of the officer or the welfare center in any forum prior to filing this complaint. As such, this dispute is not ripe and this is not the proper forum for this litigation.

While plaintiff does not specifically allege Fourth Amendment violations in his complaint, we read his complaint liberally to say that his rights were violated when his property was searched and seized. Even so, plaintiff cannot state a constitutional injury arising from defendants' conduct. He does not allege that he was wrongfully convicted of any charges or that any evidence was used against him improperly, and cannot state a Fourth Amendment claim. *See* Heck v. Humphrey, 512 U.S. 477, 487 n.7 (1994).

Because plaintiff has not pursued his state remedies his claim is not ripe. We deny plaintiff's application to proceed *in forma pauperis* and dismiss his complaint without prejudice.

JAMES B. MORAN
Senior Judge, U. S. District Court

Dec. 2, 2002.